UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 6, 2013

LETTER TO COUNSEL:

    RE:    *Tammy Maddox v. Commissioner, Social Security Administration*;
               Civil No. SAG-12-3125

Dear Counsel:

    On October 23, 2012, the Plaintiff, Tammy Maddox petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits from the period of September 1, 2003 to January 4, 2011. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 12, 13]. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will deny both motions, vacate the Commissioner's denial of benefits for the period in question, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

    Ms. Maddox filed her claims for benefits on July 7, 2006, alleging disability beginning on September 1, 2003. (Tr. 202-04). Her claims were denied initially on September 22, 2006, and on reconsideration on June 1, 2007. (Tr. 124-27, 131-32). An Administrative Law Judge ("ALJ") held a hearing on December 8, 2008. (Tr. 66-101). Following the hearing, on March 4, 2009, the ALJ determined that Ms. Maddox was not disabled during the relevant time frame. (Tr. 107-20). Ms. Maddox requested review, and the Appeals Council ("AC") vacated and remanded the ALJ's decision with instructions. (Tr. 121-23). The ALJ held a second hearing on October 4, 2010. (Tr. 36-63). The 2010 hearing resulted in a partially favorable decision for Ms. Maddox, rendered on February 22, 2011. (Tr. 14-35). In the 2011 decision, the ALJ found that Ms. Maddox was disabled as of January 4, 2011, but had the capacity to work before that date. (Tr. 27). On appeal, Ms. Maddox disputes the ALJ's finding that she was not disabled prior to January 4, 2011. Pl. Mot. 12. Because the Appeals Council denied Ms. Maddox's request for review of the ALJ's 2011 decision (Tr. 1-3), the ALJ's 2011 decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Maddox suffered from the severe impairments of degenerative joint disease and an affective disorder. (Tr. 21). Despite these impairments, the ALJ determined that since September 1, 2003, Ms. Maddox retained the residual functional capacity ("RFC") to:

    [P]erform sedentary work as defined in 20 CFR 416.967(a) except she is limited

> to lifting/carrying 10 pounds occasionally and less than ten pounds frequently. The claimant is able to sit about six hours and stand/walk at least two hours in an eight-hour workday. Occasionally she can perform activities requiring climbing (ramps/stairs), balancing, stooping, kneeling, crouching, or crawling. The claimant is moderately limited in sustained concentration, reliability and task persistence. Therefore, she is limited to routine, repetitive (one to three steps in nature), unskilled tasks.

(Tr. 22-23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that prior to January 4, 2011, Ms. Maddox could have performed work existing in significant numbers in the national economy. (Tr. 27). Therefore, Ms. Maddox was not disabled prior to January 4, 2011. *Id.* However, on January 4, 2011, when Ms. Maddox's age category changed to an individual closely approaching advanced age, application of Medical-Vocational Rule 201.09 ("the Grids") directed a finding that she was disabled. *Id.*

Ms. Maddox presents two main arguments on appeal, that the ALJ: (1) failed to properly weigh the medical evidence, and (2) failed to properly evaluate Ms. Maddox's credibility. I agree that the ALJ provided insufficient analysis to permit me to determine whether his findings are supported by substantial evidence.

First, Ms. Maddox alleges that the ALJ's failure to expressly assign weight to the opinions of Drs. Lwin, Nayeem, Scott, and Sippel mandates remand. The Fourth Circuit has held that an ALJ's decision must "explicitly indicate[] the weight given to all of the relevant evidence." *Gordon v. Schweiker,* 725 F.2d 232, 235-36 (4th Cir. 1984). In his written decision in Ms. Maddox's case, the ALJ opined that, "Because the claimant's records, both physical and psychiatric, are from inconsistent sources it is more difficult to assess and assign weight to particular medical opinion [sic] and give one opinion more weight then [sic] another." (Tr. 26). The ALJ did not describe what he meant by "inconsistent sources," and did not summarize any inconsistent evidence. Instead, all of the physicians whose reports were summarized in the ALJ's RFC analysis opined that Ms. Maddox was incapable of substantial gainful employment. (Tr. 23-26). Although the Commissioner suggests that there is ample evidence of record supporting a contrary conclusion, because the ALJ did not summarize or refer to that evidence, I cannot find the ALJ's decision to be supported by substantial evidence.[1] On remand, the ALJ should appropriately discharge his duties under *Gordon* by making assignments of weight and should specify the evidence on which he relies.

However, I find no merit in Ms. Maddox's arguments regarding the discussion of the

---

[1] For example, it appears that the ALJ placed less weight on the physicians' opinions due to their ephemeral treating relationships with Ms. Maddox. (Tr. 24-26). That would be an appropriate reason to reduce the amount of weight assigned to a particular opinion, but does not justify an abdication of the responsibility to assign weight to the opinions. *See* 20 CFR § 404.1527(c)(2)(i) ("When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.").

opinions rendered by Dr. George Yossif in December, 2010. (Tr. 522-29). Dr. Yossif found Ms. Maddox markedly impaired in all areas of mental activity and unable to function even in a low-stress work environment. *Id.* The ALJ found that Dr. Yossif's assessment was unsupported by the record, and that there were no treatment notes to justify the severity of such limitations. (Tr. 26); s*ee* (Tr. 516) (showing that a social worker in Dr. Yossif's office rated as "good" Ms. Maddox's abilities to live independently, interact positively with peers/adults, and function in a structured social setting such as a job). Further, the extreme limitations found by Dr. Yossif in November 2010 are contradicted by his October 2010 psychiatric evaluation of Ms. Maddox. *Compare* (Tr. 525) (finding Ms. Maddox markedly limited in her abilities to understand and remember one or two step instructions and remember locations and work-like procedures) *with* (Tr. 510) (indicating that Ms. Maddox's memory is fair, her intelligence is average, and her thought process is coherent). Ms. Maddox argues that the ALJ improperly discounted Dr. Yossif's opinion because of a lack of treatment records and because Ms. Maddox had never been hospitalized for her psychiatric issues. Both assertions lack merit. The ALJ appropriately found that Dr. Yossif's opinion was contradicted by the mental evaluations he and his staff conducted. Further, the ALJ did not require hospitalization to find a mental disability. He merely noted that one would expect hospitalization if Ms. Maddox's mental health was as severely deficient as Dr. Yossif indicated. Thus, I find that the ALJ's discounting of Dr. Yossif's opinion is based on substantial evidence.

Finally, Ms. Maddox contends that the ALJ failed to properly evaluate her credibility. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as the limiting effects of an impairment. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ used circular logic in finding that Ms. Maddox's statements were "not credible to the extent they are inconsistent with the residual functional capacity assessment," (Tr. 26), without offering factual support. While, again, the Commissioner cites to ample evidence in the record on which the ALJ could rely in making an adverse credibility assessment, Def. Mot. 16-18, the ALJ did not cite to any of that evidence in his opinion. An unsupported recitation of the standard is insufficient. On remand, the ALJ should provide factual support by "evaluat[ing] the consistency of the plaintiff's statements against the evidence of record, and not against the ALJ's own RFC assessment." *Stewart v. Astrue*, 2012 WL 6799723, at *15 (E.D. Va. Dec. 20, 2012). "The bare conclusion that [a Plaintiff's] statements lack credibility because they are inconsistent with 'the above [RFC] assessment' does not discharge the duty to explain." *Kotofski v. Astrue*, No. SKG-09-981, 2010 WL 3655541, at *9 (D. Md. Sept. 14, 2010). Remand is therefore appropriate, so that the ALJ can provide substantial evidence to support his conclusion. In so finding, I express no opinion as to whether the ALJ's ultimate determination that Ms. Maddox is not entitled to benefits for the period preceding January 4, 2011 is correct or incorrect.

      For the reasons set forth herein, Ms. Maddox's motion for summary judgment (ECF No. 12) and Defendant's motion for summary judgment (ECF No. 13) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                Sincerely yours,

                /s/
                Stephanie A. Gallagher
                United States Magistrate Judge